# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

THE LAMAR COMPANY, LLC, *a Louisiana limited liability company*,

    Plaintiff,

v.

DOT PROPERTIES, N.A., *a foreign corporation*,

    Defendant.

Civil Action No. _____

_____/

## DEFENDANT'S NOTICE OF REMOVAL

DOT Properties, N.A., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the action styled *The Lamar Company, LLC v. DOT Properties, N.V.*, Case No. 2019-32150, pending in the 7th Judicial Circuit in and for Volusia County, Florida (the "State Court Action"), to the United States District Court for the Middle District of Florida. Removal is based on federal diversity jurisdiction. In support of its Notice of Removal, DOT Properties states as follows:

**I.  BACKGROUND**

1. The State Court Action was filed on November 26, 2019. DOT Properties received the complaint by email that same day.

2. In accordance with 28 U.S.C. § 1446(a) and Middle District Local Rule 4.02(b), a copy of all process, pleadings, and orders filed in the State Court Action are attached hereto as **Composite Exhibit A.**

3. Pursuant to 28 U.S.C. §§ 1446(a) and (d), undersigned counsel certifies that a

Notice of Filing Notice of Removal, along with a copy of this Notice of Removal and all attachments hereto, will be promptly filed with the Clerk of the Circuit Court of Volusia County, Florida, and the same will be promptly served on counsel of record.

4. Plaintiff's Complaint is a one-count declaratory action seeking to resolve a dispute over a renewal lease it executed with Defendant that began on April 1, 2000. *See* Compl. ¶ 15.

5. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary submissions." *Id.* As demonstrated below, this Court has diversity jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

## II.   DOT PROPERTIES HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendant received the Complaint. *See* 28 U.S.C. § 1446(b)(1).

7. As of the date of this Notice of Removal, DOT Properties has not filed a responsive pleading in the State Court Action. DOT properties hereby reserves all legal rights and defenses to the Complaint. By removing the action to this Court, DOT Properties does not waive any rights or defenses available under federal or state law. DOT Properties further reserves the right to amend or supplement this Notice of Removal.

8. The United States District Court for the Middle District of Florida is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district

court that embraces the place where the State Court Action was filed and is pending.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL DIVERSITY JURISDICTION OVER THIS CIVIL ACTION

9. The State Court Action is removable under 28 U.S.C. §§ 1332 and 1441 because this Court has diversity jurisdiction. A defendant in a state-court action may remove a case to federal court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Jurisdiction based on diversity of citizenship exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different States. *Id.* Diversity jurisdiction requires complete diversity, meaning that every plaintiff must be diverse from every defendant.

#### A. The Parties Are Completely Diverse

10. Plaintiff alleges that it is a limited liability corporation. *See* Complaint at ¶ 4. According to the available public information its latest Annual Report filed with the Louisiana Secretary of State (attached hereto as **Exhibit B**), The Lamar Company, LLC has one member, Lamar Media Corporation. *See* **Ex. B** at 3. Lamar Media Corporation is a Delaware corporation with its principal place of business located in Baton Rouge, Louisiana. *See* Company Profile, attached as **Exhibit C** at 1. Thus, Plaintiff is citizen of Louisiana and Delaware. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen").

11. Defendant DOT Properties is a corporation registered in the Netherlands

3

Antilles, with its principal place of business in the Bahamas. Thus, Defendant is a foreign citizen.

12. Because Plaintiff is a citizen of Louisiana an Delaware, and Defendant is not, complete diversity exists under 28 U.S.C. § 1332(a)(2). *See Stirzaker v. Howard*, Case No.3:00-cv-1350-J-20TJC, 2001 U.S. Dist. LEXIS 17013, at *3 (M.D. Fla. Aug. 30, 2001) (noting diversity jurisdiction exists "between citizens of a State and citizens or subjects of a foreign state" (internal quotation marks and citation omitted)).

### B.    The Amount in Controversy Exceeds $75,000

13. A defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Thomas v. Family Dollar Stores of Fla., Inc.*, No. 8:17-cv-583-T-30AEP, 2017 U.S. Dist. LEXIS 65963, at *3 (M.D. Fla. May 1, 2017) (quoting *Dart Cherokee*, 135 S. Ct. at 554). "A removing defendant is not required 'to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'" *Family Dollar Stores*, 2017 U.S. Dist. LEXIS 65963, at *3-4 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

14. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object the litigation from the plaintiff's perspective." *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762 (11th Cir. 2019) (citation omitted). In other words, "the value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief were granted." *VIP Auto Glass, Inc. v. Geico Gen. Ins. Co.*, No. 8:16-cv-2012-T-35JSS, 2017 U.S. Dist. LEXIS 188150, at *16 (M.D. Fla. Mar. 7, 2017) (alterations and citation omitted). As shown below, Plaintiff has represented that the value that will flow

to it if relief is granted is $800,000.

15. In determining the amount in controversy, the Court "can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed, including evidence submitted in response to a motion to remand." *Family Dollar Stores*, 2017 U.S. Dist. LEXIS 65963, at *4 (citing *Pretka.*, 608 F.3d at 754) (internal quotations omitted).

16. In a settlement communication dated November 22, 2019, Plaintiff stated that its billboard lease is valued at approximately $800,000 if it ends in 2030 rather than March 2020. *See* November 22, 2019 Email, attached as **Exhibit D**. Plaintiff's repudiation of its agreement that the renewal lease will end in March of 2020 (*see* Compl. ¶ 9-10), as well as its decision to seek a court declaration that its renewal lease extends to 2030, have placed in controversy the $800,000 benefit that would flow to Plaintiff if the relief it seeks is granted. Plaintiff's rights are in imminent risk of injury because if relief is denied, Plaintiff will lose $800,000 that would otherwise "flow to the plaintiff." *VIP Auto Glass, Inc.*, 2017 U.S. Dist. LEXIS 188150, at *16.

17. In determining whether the amount in controversy requirement is met, the Court may consider a wide range of materials, including settlement demands. *See Family Dollar Stores*, 2017 U.S. Dist. LEXIS 65963, at *5 (denying motion to remand based on "Plaintiff's pre-suit demand, in which she demanded an amount greater than $75,000"); *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 U.S. Dist. LEXIS 3452, at *7 (S.D. Fla. Jan. 11, 2012) (denying motion to remand and holding that the "pre-suit demand letter and the facts contained therein are permissible evidence of the amount in controversy") (citing *AAA*

*Abachman Enters. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (concluding that the amount in controversy was satisfied based on the plaintiff's pre-suit demand letter that sought "hundreds of thousands of dollars in damages")); *Mick v. De Vilbiss Air Power Co.,* No. 6:10-cv-1390-Orl-28GJK, 2010 U.S. Dist. LEXIS 136246, at *6 (M.D. Fla. Nov. 14, 2010) (denying motion to remand and ruling that plaintiff's demand letter "is evidence of Plaintiff's view of the amount in controversy, and that view is relevant in deciding the Motion to Remand").

18. Accordingly, based on the facts set forth in this Notice of Removal and on the Complaint's allegations, DOT Properties has established both diversity of citizenship and the requisite amount in controversy. *See Dart Cherokee*, 135 S. Ct. at 554 (holding that defendant seeking removal to federal court need only allege a short and plain statement of the grounds for removal).

## CONCLUSION

For the foregoing reasons, the State Court Action is properly removed to this Court.

Dated: November 29, 2019

Respectfully submitted,

WHITE & CASE LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4900
Miami, FL  33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Counsel for Defendant DOT Properties, N.A.*

By:  *s/ W. Dylan Fay*
      Jaime A. Bianchi
      Florida Bar No. 908533
      Email: jbianchi@whitecase.com

      W. Dylan Fay
      Florida Bar No. 125673
      Email: wfay@whitecase.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via ECF on November 29, 2019 to all counsel of record.

      *s/ W. Dylan Fay*
      W. Dylan Fay